IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY JOEL McDONALD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0211 |
| | § | |
| BRIAN THOMAS, Sheriff, | § | |
| Potter County, Texas, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS FOR FAILURE TO EXHAUST

Petitioner, an inmate in the Potter County Detention Center, has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner's application, however, was incoherent, failed to clearly state what conviction or sentence he was challenging, the bases for his current confinement, the grounds on which he contended he was being unlawfully held, or the specific relief he was seeking. Even viewing the petition liberally, the Court was unable to determine what was at issue. On October 9, 2014, the Court entered a briefing order directing petitioner to submit a pleading entitled "Supplemental Petition for a Writ of Habeas Corpus" identifying why he is currently confined in Potter County, whether he is challenging a conviction or sentence by his habeas petition and, if so, which conviction or sentence. Petitioner was directed to state the grounds on which he bases his belief that he is being confined unlawfully, and instructed to support each ground by specific facts and a legal basis. Petitioner was directed to set out, with specificity, the relief or result he is seeking by his federal habeas application. Petitioner was ordered to file such supplemental petition on or before October 22, 2014, and was advised failure to timely comply with the Order may

result in the entry of a recommendation to dismiss this case without further notice.

Petitioner has not filed the supplemental petition as ordered by the Court, nor has he otherwise clarified his initial habeas corpus petition filed October 7, 2014 or complied in any way with the Court's order.

Since entry of this Court's briefing order, the Potter County online docket reflects petitioner's September 18, 2014 conviction for unlawful possession of a firearm, and a 5-year sentence for such offense, out of the 47th Judicial District Court, Potter County, Texas. *See State v. McDonald*, Cause No. 66,629-A. The online docket also reflects petitioner is currently appealing this conviction and sentence to the Court of Appeals for the Seventh District of Texas in Amarillo, Texas. *See McDonald v. State*, Cause No. 07-14-0359. Based upon this additional information, it appears it is this September 18, 2014 conviction and 5-year sentence petitioner is challenging in this federal habeas corpus proceeding.[1]

## EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)  there is an absence of available State corrective process; or

---

[1] On October 20, 2014, petitioner initiated another federal habeas corpus proceeding wherein he appears to challenge an August 25, 2006 conviction for unlawful possession of a firearm by a felon and the 3-year sentence assessed for such offense. *See McDonald v. Thomas*, Cause No. 2:14-CV-211.

        (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30

L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement.  Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court in a collateral proceeding through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Based upon petitioner's federal habeas application, subsequent correspondence submitted by petitioner, and the Texas courts online information available to this Court, it appears petitioner's direct appeal of his conviction and sentence are ongoing.  It does not appear, as of this date, that petitioner has presented his claims to the Texas Court of Criminal Appeals by way of a petition for discretionary review after an affirmance of his conviction on direct appeal at the state intermediary appellate court, or by a collateral state habeas corpus application after direct appeal is concluded. Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claims.  Consequently, petitioner's claims have not been exhausted and his federal habeas petition is subject to summary dismissal in order that petitioner may conclude his direct appeal and present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his claims.  Only after all state court proceedings are concluded and the claims fully exhausted may petitioner raise his claims in this Court by way of a federal petition pursuant to 28 U.S.C. § 2254.

It is the opinion of the undersigned that petitioner has not exhausted his state court remedies

through state habeas corpus. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petition must be dismissed for failure to exhaust.

As set out previously, petitioner's pleadings are very difficult to comprehend. If petitioner is not challenging his September 18, 2014 conviction and 5-year sentence in this federal habeas corpus proceeding, he shall clearly and succinctly state so in his objections to this Report and Recommendation, and shall identify the conviction and sentence he is challenging.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner RANDY JOEL McDONALD be DISMISSED for failure to exhaust.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __24th__ day of October 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).